IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
        Plaintiff,

vs.                                  Case No. 3:09cv224/WS/EMT

M. L. CARNAHAN, et al.,
        Defendants.
_____/

**O R D E R**

        Plaintiff, an inmate proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has paid the filing fee in full (Doc. 5) and submitted an amended complaint (Doc. 7).[1] Upon review of the amended complaint, for the reasons given below the court concludes that Plaintiff should be required to file a Second Amended Complaint.[2]

        Plaintiff names eleven Defendants in the instant amended complaint which, with attachments, totals 144 pages in length. In the amended complaint Plaintiff also attempts to "incorporate by reference" an additional sixteen Defendants from another action he filed, Case No.

---

[1] Plaintiff has also filed a motion asking the court to take action on his amended complaint and motions for preliminary injunctive relief (Doc. 13). To the extent it has issued the instant order, the court grants Plaintiff's motion seeking action on his amended complaint. The court addresses Plaintiff's two motions for preliminary injunctive relief (Docs. 12, 14) by separate Report and Recommendation entered this date.

[2] Regardless of whether an inmate proceeds in forma pauperis or prepays the filing fee in full, the court must review his civil rights complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

3:09cv143/MCR/EMT, which has been dismissed.[3] In addition to "incorporating by reference" into this action the sixteen Defendants named in Case No. 3:09cv143/MCR/EMT, Plaintiff also seeks to incorporate by reference into this case Paragraphs 1–39 of the prior action, as well as exhibits and other papers he previously submitted.[4]

Plaintiff may neither name Defendants in the instant case by incorporation by reference from another case nor rely on allegations or papers from that separate action. In filing a Second Amended Complaint Plaintiff must identify (in section "II. Defendants") *each* Defendant he wishes to name in this action and include (in section "IV. Statement of Facts") *all* allegations against that Defendant. Additionally, with respect to administrative remedies, for pleading purposes at this early stage of the proceedings, in filing his amended complaint Plaintiff need only allege that he has fully exhausted all administrative remedies; he need not provide copies of the exhibits at this time. All of the exhibits attached to the amended complaint now before the court therefore will be returned to Plaintiff.

Plaintiff must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Moreover, Plaintiff should determine which incident or issue he desires to litigate in this action, and present only those claims which: (1) arise out of the same transaction or occurrence **and** (2) share a common question of law or fact. Plaintiff must then limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged

---

[3] The district court dismissed Case No. 3:09cv143/MCR/EMT pursuant to 28 U.S.C. § 1915(g) (providing that a prisoner may not bring a civil action or appeal if, on three or more prior occasions, he brought an action or appeal that was dismissed as being frivolous or malicious or failing to state a claim, unless the prisoner is under imminent danger of serious physical injury) (*see* Case No. 3:09cv143/MCR/EMT, Docs. 9, 13).

[4] Plaintiff's assertions in Case No. 3:09cv143/MCR/EMT include allegations concerning First and Fourteenth Amendment violations (pertaining to treatment of his legal mail) and Eighth and Fourteenth Amendment violations (involving retaliation, unlawful cell searches, threats, failure to provide medical and mental health attention, false disciplinary reports, food tampering, and placement on more restrictive custody status). The allegations in the instant action appear to be similar.

Case No. 3:09cv224/WS/EMT

constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. Rule 15.1.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion to Rule" (Doc. 13), is **GRANTED**, to the extent the court has issued the instant order.

2. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number should be written on the form.

3. The clerk shall return to Plaintiff the exhibits attached to the amended complaint.

4. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked **"Second Amended Complaint."**

5. Plaintiff's failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 3rd day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**