IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
        Plaintiff,

vs.                                        Case No. 3:09cv224/WS/EMT

M. L. CARNAHAN, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this action on May 26, 2009, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has paid the filing fee in full (Doc. 5). Now before the court are Plaintiff's two motions for preliminary injunctions (Docs. 12, 14), to which the court refers below by docket entry number.

Docket Entry # 12 was received by the clerk for filing on August 12, 2009. In this motion Plaintiff first complains of events that allegedly occurred in May 2009. Apparently, according to Plaintiff, a correctional officer (who is not named as a Defendant in this action) removed him from his cell with the intention of placing him on strip cell status (Doc. 12 at 5). Plaintiff additionally complains that in July 2009 the same officer attempted to assault him and also was verbally abusive to him (*id.*); further, the officer again indicated he wanted to place Plaintiff on strip cell status, destroyed some of his legal materials, and threatened to rape and kill him (*id.*). This conduct has caused Plaintiff (who states that he is classified as having a "Psych-3" psychiatric status, is mentally unstable, and takes psychotropic medications) to be paranoid, fearful, and depressed (*id*. at 6). Plaintiff seeks as relief an order sanctioning Defendants (*id.*). In a supplement to this motion, Plaintiff also complains of events that alleged occurred in August 2009. According to Plaintiff, in the early morning hours of August 6, 2009, while in his cell he experienced chest pain and then collapsed unconscious on the floor. His cellmate summoned assistance. Medical personnel arrived

and revived Plaintiff with smelling salts. Plaintiff was then handcuffed and forced to walk to the infirmary, although he felt dizzy and was having chest pain; he almost fell several times. When Plaintiff arrived in the infirmary, a correctional officer and two nurses (none of whom appears to be named as Defendants in the underlying action) declared that he was faking, and he was returned to his cell without "any EKG, diabetic test, chest x-ray, etc." being performed (*id.* at 2). Plaintiff continued to feel dizzy and have chest pain; in addition, he began experiencing tingling and numbness in his left hand and leg. While being returned to his cell Plaintiff nearly fell several times. Several hours later, when Plaintiff again complained of chest pain, dizziness, and tingling/numbness, he was again taken to the infirmary. A nurse (who is not named as a Defendant in the amended complaint) told Plaintiff to "'shut up & get out'" (*id.*). She also called him "crazy" (*id.*). During rounds a few hours later, Plaintiff informed another nurse (who also does not appear to be named as a Defendant in this action) of his symptoms but she too refused to take any action (*id.* at 3). According to Plaintiff, none of his requests for medical care have been granted, despite the fact that his medical records reflect a family history of heart problems and diabetes (*id.*). Plaintiff asserts that he is being denied proper medical attention "as a form of retaliation by Defendants, specifically Dr. Collins, etc." (*id.*). Plaintiff demands as relief that he be provided immediate and adequate medical care (*id.*).

      Docket Entry # 14 was filed October 25, 2009, as an emergency motion. In this motion Plaintiff states that on October 19, 2009, he allegedly assaulted two prison officials. Plaintiff asserts that in retaliation for this assault other, unnamed officials assaulted and battered him. According to Plaintiff, this attack left him cut and bruised, with possibly a broken arm; additionally, he is contemplating suicide (Doc. 14 at 1). Officials also used pepper spray on him, which "they're not supposed to do because O'Connor is asthmatic & a Psych-3 Inmate/Patient" (*id.*). Plaintiff complains that after the officials attacked him he was left in a cold cell, with no property or clothing other than a pair of boxer shorts. He was unable to sleep on the cold floor or steel bunk and did not eat for several days. After spending seventy-seven hours in such conditions, Plaintiff apparently was released. With respect to Docket Entry # 14, Plaintiff seeks as relief an order reporting the conduct alleged to the Florida Department of Law Enforcement, as well as any other appropriate agencies, and directing them to conduct an immediate investigation.

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)); <u>Johnson v. Radford</u>, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm the injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

<u>CBS Broadcasting, Inc. v. Echostar Communications Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001); <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>Johnson v. United States Dep't of Agric.</u>, 734 F.2d 774 (11th Cir. 1984); <u>Canal Auth. of State of Fla. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." <u>All Care Nursing Serv. v. Bethesda Mem'l Hosp.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Serv.</u>, 887 F.2d at 1537; <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

In his amended complaint (Doc. 7), which by separate order this date the court has directed Plaintiff to amend for procedural reasons, Plaintiff alleges that his legal mail has been treated

improperly and that he has been retaliated against. Further, Plaintiff alleges that he has been subjected to unlawful cell searches and threats against his safety; additionally, he alleges that prison officials have failed to provide adequate medical and mental health care, issued false disciplinary reports, tampered with his food, and placed him in restrictive custody.

First, while Plaintiff names several John Doe Defendants in his amended complaint, none of them appears to have any connection to the events described in either of the motions for preliminary injunctive relief. Additionally, in Docket Entry # 14, Plaintiff makes no allegations against any named Defendant. As noted above, the persons from whom the injunctive relief is sought must be parties to the underlying action. In re Infant Formula Antitrust Litig., 72 F.3d at 842–43. Furthermore, the court notes that only three of the twenty-seven Defendants Plaintiff has attempted to name in the underlying complaint are mentioned in the motions for preliminary injunctive relief. Correctional officers Jones and Slattery, though named as Defendants in the amended complaint, are simply identified in Docket Entry # 12 as persons whom Plaintiff allegedly assaulted (Doc. 12 at 5). Plaintiff makes no allegations whatsoever against these individuals in his present motions. Moreover, although Dr. Collins is named as a Defendant in the amended complaint and also is mentioned in Docket Entry #12, there are no factual allegations in this motion which suggest that Dr. Collins is even remotely responsible for causing Plaintiff any injury that would support granting an injunction against him. Plaintiff's statement that he is being denied medical treatment as a form of retaliation, "specifically Dr. Collins, etc." (Doc. 12 at 3) is highly speculative and vague.

In short, Plaintiff has not met his burden of demonstrating that each of the four prongs necessary for granting preliminary injunctive relief has been satisfied. Plaintiff has not shown there is a substantial threat that he will suffer irreparable injury at the hands of any of the Defendants if the injunction is not granted or that any threatened injury to him outweighs the threatened harm an injunction will do to the named Defendants. Nor has Plaintiff shown there is a substantial likelihood that he will prevail on the merits of his claims and that granting the preliminary injunction will not disturb the public interest. Because Plaintiff has failed to meet his burden of persuasion as to each of these requisites, the court should not grant his request for extraordinary relief.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motions for injunctive relief (Docs. 12, 14) be **DENIED**.

At Pensacola, Florida, this 3rd day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**