IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
       Plaintiff,

vs.                                                                 Case No. 3:09cv224/WS/EMT

M. L. CARNAHAN, et al.,
       Defendants.

_____/

**ORDER**

       This matter is before the court on Plaintiff's "Motion Requesting Class Action Status, Appointment of Counsel, & Enlargement of Time" (Doc. 34).

       The court will not treat this matter as a class action. One of the prerequisites for class action certification is a finding by the court that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is well settled that, except in very rare cases, pro se litigants do not possess the necessary training, competence, and experience to represent adequately the interests of a proposed class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also, e.g.*, Lile v. Simmons, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001) ("Due process requires that the Court 'stringently' apply the competent representation requirement because class members are bound by the judgment . . . even though they may not actually be aware of the proceedings."); 1 Newberg on Class Actions § 3:24 ("[M]ost courts have held that pro se plaintiffs are inadequate representatives of a class."). Not only does this case appear not to meet the prerequisites of a class action, but also Plaintiff does not allege that he possesses the training and expertise necessary to

protect the interests of the proposed class; moreover, it appears he does not possess such training and expertise.

With respect to Plaintiff's request for the appointment of counsel, he is advised that in civil cases the appointment of counsel is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). As the court at this time does not view the case as exceptionally complex, Plaintiff's motion will be denied without prejudice. Appointment of counsel may be considered at a later time should the need for counsel become evident.

Finally, Plaintiff apparently seeks an enlargement of time in which to comply with the court's October 8, 2010, order directing him to file an amended complaint. This request shall be granted. Plaintiff shall have through **DECEMBER 3, 2010**, in which to file a second amended complaint.

Accordingly, it is **ORDERED**, that Plaintiff's "Motion Requesting Class Action Status, Appointment of Counsel, & Enlargement of Time" (Doc. 34) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's requests for the appointment of counsel and for class action certification are **DENIED**.

2. Plaintiff's request for an enlargement of time in which to file his second amended complaint is **GRANTED**. Plaintiff shall have through **DECEMBER 3, 2010**, in which to file a second amended complaint.

3. Plaintiff's failure to respond to this order as directed may result in a recommendation that this action be dismissed.

**DONE AND ORDERED** this 19th day of November 2010.

*s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**