IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
    Plaintiff,

vs.                                         Case No. 3:09cv224/WS/EMT

M. L. CARNAHAN, et al.,
    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner, has moved to have this cause brought pursuant to 42 U.S.C. § 1983 certified as a class action and for the appointment of class counsel (Doc. 34). For the reasons stated below, the court recommends that these requests be denied.

One of the prerequisites for class action certification is a finding by the court that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is well settled that, except in very rare cases, pro se litigants do not possess the necessary training, competence, and experience to represent adequately the interests of a proposed class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also, e.g.*, Lile v. Simmons, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001) ("Due process requires that the Court 'stringently' apply the competent representation requirement because class members are bound by the judgment . . . even though they may not actually be aware of the proceedings."); 1 Newberg on Class Actions § 3:24 ("[M]ost courts have held that pro se plaintiffs are inadequate representatives of a class."). Not only does this case appear not to meet the prerequisites of a class action, but also Plaintiff does not allege that he possesses the training and expertise necessary to protect the interests of the proposed class; moreover, it appears he does not possess such training and expertise.

In light of the above recommendation, the court further recommends that Plaintiff's motion for the appointment of class counsel be denied. To the extent Plaintiff seeks the appointment of counsel to represent him individually, the court notes that in civil cases the appointment of counsel is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). As the court at this time does not view the case as exceptionally complex, Plaintiff's motion should be denied without prejudice. Appointment of counsel may be considered at a later time should the need for counsel become evident.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's requests to have this cause certified as a class action and to have class or individual counsel appointed (Doc. 34) be **DENIED.**

At Pensacola, Florida this 20th day of December 2010.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**