IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
    Plaintiff,

vs.                              Case No.: 3:09cv224/WS/EMT

M.L. CARNAHAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's "<u>Emergency</u> Motion for Injunction, TRO, Less Intrusive Order [sic]," docketed by the clerk on March 11, 2011 (Doc. 48).

    The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the defendant; and

    4.    The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broadcasting, Inc. v. Echostar Communications Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126. "A preliminary injunction is

an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted). Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

At the time Plaintiff, a prisoner, initiated this action in May 2009 he was housed at Santa Rosa Correctional Institution ("SRCI"). Plaintiff currently is housed at Union Correctional Institution ("UCI"), which is located in the Middle District of Florida. In the instant motion, Plaintiff alleges he is a "psych 4 patient" on medication who has suffered numerous violations of his rights at SRCI, violations which have continued at UCI (Doc. 48 at 1). According to Plaintiff, on or about March 2, 2011, UCI officials wrongly placed him in a strip cell; subjected him to the use of excessive force; sodomized him when an officer placed his finger in Plaintiff's rectum; and deprived Plaintiff of his property (*id.* at 2–3). As relief, Plaintiff seeks an order requiring officials at UCI to stop their unlawful conduct and keep away from him; he also demands an investigation and to be transferred to another correctional facility (*id.* at 3).

In a separate order issued by this court on today's date, Plaintiff was directed to submit a third amended complaint because his second amended complaint failed to state a basis for liability as to the named Defendants.[1] Because it has been determined that Plaintiff's complaint fails to state

---

[1] *Inter alia*, the court noted in its order directing amendment that Plaintiff's claims against the UCI Defendants—which claims were presented for the first time in the second amended complaint—were subject to dismissal because the alleged events involving these Defendants took place in 2010 and this case was initiated in 2009; thus, Plaintiff could not have administratively exhausted the UCI claims prior to filing this action. *See* Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (because exhaustion of administrative remedies is a "precondition"

Case No.: 3:09cv224/WS/EMT

a constitutional claim, Plaintiff has correspondingly failed to meet all of the prerequisites for injunctive relief, namely, that there is a substantial likelihood he will prevail on the merits in this action. Therefore, the motion for a temporary restraining order should be denied.[2]

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for preliminary injunction (Doc. 48) be **DENIED**.

At Pensacola, Florida, this 30th day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

---

to filing an action in federal court, prisoners must complete the administrative process prior to initiating suit.); Jones v. Bock, 549 U.S. 199, 215–16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (if the allegations of the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted.). Accordingly, based on the allegations of the second amended complaint, it is clear that the claims against the UCI Defendants are subject to dismissal. In light of this conclusion, it is apparent that none of the persons from whom injunctive relief is presently sought are proper parties to the underlying action. *See* In re Infant Formula Antitrust Litig., 72 F.3d at 842–43. Moreover, none of the UCI Defendants named in this action were directly involved in the March 2, 2011, incidents described in Plaintiff's current motion.

[2] If Plaintiff wishes to pursue federal relief against those persons he asserts are responsible for the violation of his rights at UCI on March 2, 2011, he should do so in the proper forum, which is the United States District Court for the Middle District of Florida.

Case No.: 3:09cv224/WS/EMT